AO 243 (Rev. 09/17)

FILED - GR
September 28, 2026 12:50 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR SCANNED BY: AR / 9.28

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR C[ORRECT]

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name *(under which you were convicted)*: MARK CHEATUM | Docket or Case No.: 1:20-Cr-110-1 |
| Place of Confinement: F.C.I Thomson, PoBox 1002 Thomson IL, | Prisoner No.: 82347-509 |
| UNITED STATES OF AMERICA V. | Movant *(include name und[er which convicted])* |

1:26-cv-2709
Robert J. Jonker
U.S. District Judge

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
IN the united State District Court for the western District of MICHIGAN Southern DIVISION.

(b) Criminal docket or case number (if you know): 1:20-Cr-110-1

2. (a) Date of the judgment of conviction (if you know): 05-24-2024
(b) Date of sentencing: 10-3-2024

3. Length of sentence: 130 Months

4. Nature of crime (all counts): Count 5 Possession with intent to Distribute methampnetamine and Cocaine.

5. (a) What was your plea? (Check one)
(1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:

(a) Name of court: The united States court of Appeals for the Sixth Circuit

(b) Docket or case number (if you know): 1:20-CR-110-RJJ-1

(c) Result: dismissed

(d) Date of result (if you know): 09-22-2025

(e) Citation to the case (if you know):

(f) Grounds raised: whether the district court deprived Mr Cheatum of his Fifth Amendment Right to procedural Due process of Law by failing to orally pronounce all discretionary "Standard conditions" of Supervised Release and by failing to make an individualized Assessment as to whether those conditions were necessary to achieve sentencing objectives

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [✓]

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes [ ] No [✓]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: ______

(5) Grounds raised:

______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☒ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

______

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** INEFFECTIVE ASSISTANCE of COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

defendant MARK CHEATUM who was represented By Tessa K. Muir Had Grounds of a motion to suppress Due to the December 19, 2019 traffic stop where the defendant was charged with Count 5, possession with Intent to distribute methamphetamin and Cocain. Count 6 possession of A FireArm in furtherance of Drug Trafficking. Counselor Tessa K. Muir was given AN Deadline for all Motions to be filed in A Timely fashion, befor trial was set to Star And Counselor Tessa K. Muir chose To Not File A Motion that Could have Changed the out Come of the defendant Charges and Sentencing Results, see Exibit #1

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: The defendant Appointe Appellant Attorney Valarie Linnen Did Not Review the defendan Plea agreement and File what She deemed correct from court fi

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Illegal Search and Seizure

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During the 12-19-2019 traffic Stop, the defendant did not give Consent for the Vehical to be Searched, MIchigan State trooper Remove A Safe from the Vehical and Released the Vehical to the defendants wife, a warrant was granted 30 days latter for the Search of the Sentry Safe, where Drugs were latter discovered.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

The defendant was appointed counsel that did not converse.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [X] No [X]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Motion of Suppression

Name and location of the court where the motion or petition was filed: IN The united states District Court For the western District of Michigan Southern Division.

Docket or case number (if you know): 1:20-CR-00110-RJJ

Date of the court's decision: 8-30-2023

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [X]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [X]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** ______________________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________________

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): ______________________________

Date of the court's decision: ______________________________

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

____________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

____________________

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

New TRiAL

or any other relief to which movant may be entitled.

ProSE Mark Chatm

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on Sept. 14, 2026 .

(month, date, year)

Executed (signed) on Sept, 14, 2026 (date)

Mark Chatm

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN EFFECTIVE ASSISTENCE OF COUNSEL ATTORNEY TESSA K. MUIR NEVER ALLOWED THE PLAINTIFF A MEANINGFUL, LET ALONE ANY ASSISTANCE TO A DEFENSE IN PREPERATION OF A TRIAL. PLAINTIFF WAS ADVISED TO "COP OUT" TO A FELONY POSSESSION. SEE MCCANN V. MANGIALARDI 337 F.3d 782, 788 7TH CIR 2003). IT IS HIGHLY LIKELY THAT THE SUPREME COURT WOULD FIND A VIOLATION OF THE DUE PROCESS CLAUSE IF PROSECUTORS... HAVE KNOWLEDGE OF A CRIMINAL PLAINTIFF FACTUAL INNOCENSE BUT FAILS TO DISCLOSE SUCH INFORMATION TO A PLAINTIFF BEFORE HE ENTERS TRIAL OR PLEA OF GUILTY. SEE POWELL V. ALABAMA 287 U.S. 45, 77 L.ED 158, 53 S.Ct. 55 (1932). THE SIXTH AMENDMENT RIGHT TO COUNSEL IN A CRIMINAL TRIAL INCLUDES THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL. MCMANN V. RICHARDSON 397 U.S. 759-771 n 14, 90 S.Ct. 1441, 25 L.ED 2d 763 (1970). THIS RIGHT EXTENDS TO ALL CRITICAL STAGES OF THE CRIMINAL PROCESS, ENTRY OF GUILTY PLEA, WHETHER TO MISDEMEANOR OR FELONY CHARGE, RANKS AS "CRITICAL STAGE" IOWA V. TOVAR 541 U.S. 77, 80-81, 158 L.ED.2d 209 (2004) LAFLER V. COOPER 566 US 156. THE FACT THAT A DEFENDANT IS GUILTY DOES NOT MEAN HE WAS NOT ENTITLED TO BY THE 6TH AMENDMENT TO EFFECTIVE ASSISTANCE OR THAT HE SUFFERED

1#

NO PREJUDICE FROM HIS ATTORNEY'S DEFICIENT PERFORMANCE DURING PLEA BARGINING. TESSA K. MUIRS' DEFICIENT PERFORMANCE INCLUDED BREAKDOWN IN COMMUNICATION TO PRESENT A OR ANY DEFENSE AS WAS ASKED BY PLAINTIFF TO FILE A MOTION TO SURPRESS EVIDENCE OF A SENTRY SAFE THAT WAS FOUND IN A SEARCH OF PLAINTIFFS' VEHICLE ON DECEMBER 19, 2019 THE WARRANTLESS SEARCH 30 days LATER A WARRANT WAS ISSUED DRUGS AND GUNS WHERE RETREVIED, THE SEARCH WARRANT AFFIDAVIT PROVIDED INDICIA OF PROBABLE CAUSE A BARE BONES AFFIDAVIT STATED SUSPICIONS, AND CONCLUSIONS WITH FACTUAL CIRCUMSTANCES REGARDING VERACITY, RELIABILITY, AND BASIS OF KNOWLEDGE A REASONABLY WELL TRAINED OFFICER WOULD HAVE REALIZED THE SEARCH OF A VEHICLE'S INSIDE OF A DESCRIPTION INVOLVING A ACCIDENT AND A SEARCH FOR A SAFE INSIDE OUT OF PLAIN VIEW WITHOUT A SEARCH WARRANT WOULD PRODUCE DRUGS FOUND INSIDE THE SAFE NOT BELONGING TO THE DRIVER OF THE VEHICLE, DID IT MATCH THE PROBABLE CAUSE DESCRIBED IN THE WARRANTLESS SEARCH EVIDENCE FOUND OF A DIFFERENT CRIME CITING WHREN v. U.S. 517 US 806 [i]t IS WELL SETTLED THAT A POLICE OFFICER MAY CONDUCT A TRAFFIC STOP WHEN THE OFFICER HAS PROBABLE CAUSE TO BELIEVE THAT A TRAFFIC VIOLATION HAS OCCURRED" SO BY WHIM THE POLICE OFFICER WILLY NILLY STOPPED THE PLAINTIFF BY NO REASON OF SUSPE~~NSION~~ CITING ACCEPTABLE

2#

AGAINST A INTERFERENCE OF PROBABLE CAUSE BEING FLUID A POLICE OFFICERS INDISCRIMINATE STOP, RUMMAGING AT LARGE IN VEHICLES WITHOUT ANY SUSPECTED CRIMINAL COMPLICITY? WHAT WARRANTED A SUBPOENA DUCES TECUM TO SEARCH THE VEHICLE? SEE SMITH 952 F.3d AT 647; LOPEZ-MARENO 420 F.3d AT 430; JOHNS, 2013 U.S. DIST. LEXIS 123330, 2013 WL 4587744 AT 3 "AN OFFICER MAY STOP A MOTORIST FOR A TRAFFIC VIOLATION EVEN IF, SUBJECTIVELY, THE OFFICER'S TRUE MOTIVE IS TO INVESTIGATE UNRELATED CRIMINAL OFFENSES".) THE SEARCH OF PLAINTIFF'S CAR WAS WARRANTLESS ANDREWS V. CAIN 71 F.Supp. 2d 560 (E.D. LA. 1999) ("IT IS WELL-ESTABLISHED THAT A PERSON WHO CHALLENGES THE INTRODUCTION OF DAMAGING EVIDENCE SECURED BY A SEIZURE OF A THIRD PERSONS PROPERTY IN WHICH HE HAS NO LEGITIMATE EXPECTATION OF PRIVACY HAS NOT HAD ANY OF HIS 4TH AMENDMENT RIGHTS INFRINGED": ONCE THE PLAINTIFF PRODUCE EVIDENCE THAT THE SEARCH AND SEIZURE WAS WARRANTLESS (I.E. THAT THERE IS INDEED A PRIVACY INTEREST) THE GOVERNMENT HAS THE BURDEN OF SHOWING THAT THE SEARCH WAS VALID BECAUSE IT FELL WITHIN ONE OF THE EXCEPTIONS TO THE WARRANT REQUIREMENT. SEE DISCUSSION INFRA PART II. B; SCHNECKLOTH V. BUSTAMONTE, 412 U.S. 218, "STATUS AS AN OVERNIGHT GUESS IS ALONE ENOUGH TO SHOW THAT HE HAD AN EXPECTATION OF

PRIVACY IN THE HOME THAT SOCIETY IS PREPARED TO RECOGNIZE AS REASONABLE"; OLSEN, 495 U.S. at 96-97 STATUS AS AN INNOCENT CARRIER IS NOT ENOUGH TO SHOW THAT HE HAD AN EXPECTATION OF PRIVACY IN THE VEHICLE. PLAINTIFF NEVER ACQUIRED TITLE TO THE CONTRABAND NARCOTICS THEY WERE NEVER HIS EFFECTS WITHIN THE PROTECTION OF THE 4TH AMENDMENT, A SEARCH AND SEIZURE ON A PRIVATE DOMICILE, ILLEGAL UNDER THE TERMS AND PROVISIONS OF THE 4TH AMENDMENT, DOES NOT BECOME LEGAL BECAUSE THE PROPERTY SEIZED PROVES TO BE CONTRABAND RULE 41 e, g SEE THE PALMYRA 12 WHEAT 1; SO STOPPING A VEHICLE FOR EVEN A TRAFFIC VIOLATION DOES NOT WARRANT A SEARCH OF A SAFE INSIDE THE VEHICLE, IT IS A CRIME FOR HAVING A SAFE, WHICH WAS PROBABLE CAUSE FOR A WARRANTLESS SEARCH. WHAT IS THE FAIR PROBABILITY THAT CONTRABAND OR EVIDENCE OF A CRIME WILL BE FOUND IN A PARTICULAR PLACE? (QUOTING ILLINOIS V. GATES 462 U.S. 213) IS IT COMMON SENSE THAT A THIRD PARTY COULD HAVE RODE WITH THE PLAINTIFF LEFT HIS SAFE IN THE CAR ON ACCIDENT? IS IT PRACTICAL SOMEONE COULD HAVE FORGOTTEN A SAFE? ON DECEMBER 9, 2019 THE PLAINTIFF WAS STOPPED FOR A TRAFFIC INFRACTION BY THE MICHIGAN STATE POLICE DURING THE TRAFFIC STOP THE PASSENGER. (OFFICER CLAIMED TO HAVE SEEN A SCALE WITH A WHITE POWDERY SUBSTANCE,) THE PLAINTIFF AND UNIDENTIFIED THIRD PARTY PASSENGER WAS ASKED TO STEP OUT OF THE VEHICLE. THE PLAINTIFF WAS ASKED IF IT WAS OK FOR THE OFFICERS TO CONDUCT A SEARCH OF THE VEHICLE

THE PLAINTIFF DID NOT GIVE HIS CONSENT TO SEARCH THE VEHICLE, THE "MSP" TROOPERS TOLD THE PLAINTIFF AND UNIDENTIFIED PASSENGER TO STAND IN FRONT OF THE VEHICLE AND ONE TROOPER SEARCHED THE VEHICLE UPON HIS SEARCH HE FOUND A LOADED SPRINGFIELD ARMORY MODEL CHAMPION 45 CALIBER SEMIAUTOMATIC PISTOL UNDERNEATH THE DRIVER SEAT. THE PLAINTIFF TOLD THE OFFICERS THAT, THAT WAS HIS GUN AND EVERYTHING FOUND ON HIS IS HIS, THE PLAINTIFF WAS THEN PLACED UNDER ARREST, QUESTIONED AND GIVEN A CHANCE TO HAVE SOMEONE COME AND PICK UP HIS VEHICLE, THE PLAINTIFF CALLED HIS WIFE, WHEN SHE CAME THE PLAINTIFF WAS ABLE TO GIVE HER HIS MONEY. THE "MSP" TROOPERS ASKED THE PLAINTIFF ABOUT A SENTRY SAFE THAT WAS FOUND IN THE VEHICLE, THE PLAINTIFF CLAIMED TO HAVE NO KNOWLEDGE OF THE SAFE, THE SENTRY SAFE WAS REMOVED FROM THE VEHICLE AND THE PLAINTIFFS' WIFE WAS ALLOWED TO LEAVE WITH THE VEHICLE. THE PLAINTIFF WAS TAKEN TO MUSKEGON COUNTY JAIL AND THE PLAINTIFF AND UNIDENTIFIED PASSENGER WAS RELEASED ON THE SEN, THE "MSP" TROOPER TOOK THE DRUGS, GUN AND SENTRY SAFE AND 30 DAYS LATER GOT A SEARCH WARRANT FOR VIOLATING THE PLAINTIFF'S 4TH AMENDMENT SEARCH + SEIZURE WHERE A LARGE QUANTITY OF METH WAS FOUND. THE PLAINTIFFS LAWYER TESSA K. MUIR WAS GIVEN AN DEADLINE FOR ALL MOTIONS + THE PLAINTIFFS' COUNSEL FAILED TO FILE A MOTION OF SUPPRESSION ON TIME DURING THE SEPT. DEADLINE GIVEN BY THE GOVERNMENT

THE PLAINTIFF COUNSEL THEN FILED MOTION OF SUPPRESSION ON 8/3/2023, WHICH WAS LATER DISMISSED AS UNTIMELY, 8/30/2023. THE PLAINTIFF ASKED FOR A NEW COUNSEL, WHICH WAS GIVEN ON 11/22/2023 NOW THE PLAINTIFF WITH NEW COUNSEL, MICHAEL DARDEN HILL, FILED, FILED STRICKEN MOTION OF SUPPRESSION 2/9/2024, WHICH WAS ALSO DISMISSED ON 5/2/2024, SO THE PLAINTIFF WITH NEW COUNSEL WHO WAS GIVEN DEADLINES WHO FILED ON TIME WAS STILL FOUND TO BE UNTIMELY DUE TO THE INEFFECTIVE OF COUNSEL TESSA K. MUIR PLAINTIFF PRAYS THIS HONORABLE COURT ALLOWS FOR TIMELY FILED MOTIONS FOR A EFFECTIVE DEFENSE

MARK CHEATUM #82347-509
Federal Correctional Institution
Thomson. P.O. Box 1002
Thomson IL, 61285

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

9589 0710 5270 2091 0728 26




U.S. POSTAGE PAID
FCM LG ENV
THOMSON, IL 61285
SEP 15, 2026

Retail







⇔82347-509⇔
Clerk Us District Court
399 Federal bldg
110 Michigan ST NW
Grand Rapids, MI 49503
United States